IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC PATTON, #378040,           )
                                )
        Petitioner,             )
                                )
v.                              )       NO. 3:22-cv-01016
                                )
SHARON ROSE, Warden,            )       JUDGE RICHARDSON
                                )
        Respondent.             )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Eric Patton filed his pro se petition for writ of habeas corpus on December 14, 2022, raising a single claim: insufficiency of the evidence to support his conviction. (Doc. No. 1.) At the Court's direction, Respondent filed her Answer to the Petition and the record of relevant state-court proceedings. (Doc. Nos. 7, 10.) Shortly thereafter, Petitioner retained counsel. Counsel entered an appearance and indicated his intention to file an amended petition, as the original Petition did not include all the issues. (Doc. No. 11.) Instead of filing an amendment, however, counsel filed a Motion for Voluntary Dismissal, or Alternatively to Stay. (Doc. No. 12 ("the Motion").)

In the Motion, Petitioner seeks to dismiss this case without prejudice because he "raised additional allegations in a state postconviction case filed on September 11, 2023, namely a claim of ineffective assistance [of counsel]." (*Id.* at 1.)[1] Petitioner notes that he cannot raise the ineffective-assistance claim in this Court at this time (or at any time until his state postconviction

---

[1] The Court notes that a September 11, 2023 postconviction petition would appear to be timely filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-102(a). Petitioner's application for permission to appeal his conviction to the Tennessee Supreme Court was denied on September 28, 2022. (Doc. No. 7-27.)

remedies are exhausted), and that habeas petitioners "typically only get one chance for federal habeas corpus" because second or successive filings are authorized only in limited circumstances. (*Id.*); *see* 28 U.S .C. § 2244(b). He first sought Respondent's agreement to stay this habeas case while he exhausted his ineffective-assistance claim in state court, but Respondent declined to stipulate that a stay was proper. (*Id.*) Petitioner then filed his Motion, in which he "primarily asks to non-suit this case without prejudice, so that he can re-file it later if the state postconviction fails," or alternatively, "the Court could simply stay it." (*Id.*).

Because Respondent has filed an Answer to the Petition, Petitioner cannot unilaterally non-suit (or dismiss, which is the applicable term in federal-court parlance) this case. Rather, Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for dismissal "on terms that the court considers proper," in an order that effects the case's dismissal without prejudice "[u]nless the order states otherwise." Fed. R. Civ. P. 41(a)(2). Petitioner seeks dismissal without prejudice so that he can "consolidate all his potential federal claims," which—unless he wins postconviction relief in state court—will then be re-presented in this Court in a single habeas petition. (Doc. No. 12 at 2.) He states that "there were 17 days left in the AEDPA[2] one-year statute of limitations when the state postconviction was filed. (Supreme Court denial: Sept. 28, 2022; Postconviction filing: Sept. 11, 2023.)" (*Id.*) He states that 17 days will be sufficient time for counsel to refile a Petition that consolidates all of Petitioner's exhausted habeas claims, but alternatively argues that a stay in lieu of dismissal "would eliminate any possibility of missing the re-filing deadline." (*Id.* at 2–3.)

In response, Respondent argues that the Court is not authorized to stay a habeas case except under the procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), which applies only when

---

[2] AEDPA is the Anti-Terrorism and Effective Death Penalty Act of 1996. It prescribes a one-year statute of limitations for federal habeas corpus actions. 28 U.S.C. § 2244(d)(1). As explained below, Petitioner is mistaken about the remainder of his limitations period being 17 days, but the mistake runs in his favor.

the case involves a "mixed" petition, i.e., one that includes both exhausted and unexhausted claims. *Rhines* authorizes a pause while the mixed petition's unexhausted claim is presented to the state courts, if that claim is at least potentially meritorious and if there is good cause for the petitioner's failure to initially present the claim there. *See* 544 U.S. at 277–78. But as previously mentioned, the Petition before this Court asserts one claim, and that claim was undisputedly exhausted in state court on direct appeal. *State v. Patton*, No. M2020-00062-CCA-R3-CD, 2022 WL 1436755, at *12–16 (Tenn. Crim. App. May 6, 2022), *perm. app. denied* (Tenn. Sept. 28, 2022). Thus, the circumstances justifying a stay under *Rhines* are not present in this case. Respondent further argues that dismissal of the Petition is appropriate, but that Petitioner should not be allowed to dismiss *without* prejudice since "[t]his matter has been ripe for adjudication for approximately nine months." (Doc. No. 13 at 1.) Accordingly, Respondent argues that dismissal with prejudice is warranted here, "either at Petitioner's request or for the reasons argued in the Answer." (*Id.*)

In reply, Petitioner reasserts his request for "a voluntary dismissal without prejudice (or else a stay)," reiterates the propriety of such a dismissal in the instant circumstances, and notes that Respondent has not identified any way in which she would be prejudiced by such a dismissal. (Doc. No. 14.)

The Court concurs with Respondent that there is no basis for a stay in this case. The case does not involve a mixture of exhausted and unexhausted claims, so a stay is not properly grounded on *Rhines* or similar Sixth Circuit cases that also apply to mixed petitions. *See generally Bailey v. Mazza*, No. 23-5660, 2024 WL 194154, at *2 (6th Cir. Jan. 16, 2024) (discussing effect of a stay under *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), which applies in circumstances where a dismissal without prejudice could jeopardize timeliness of refiled petition; citing *Rhines*, *supra*, as in accord). But the Court finds no reason to deny the Motion's principal request for voluntary

dismissal without prejudice. As Petitioner notes, Respondent has not identified any prejudice she would suffer from such dismissal, but rather only points to the fact that the case has been ripe for decision for months. This argument overlooks the fact that counsel appeared for Petitioner and indicated his intention to seek leave to amend the Petition five days after the Answer was filed. (Doc. No. 11.) In any event, to prevent a voluntary, non-prejudicial dismissal, Respondent must point to "plain legal prejudice" that she would suffer as a result of the dismissal, "as opposed to facing the mere prospect of a second lawsuit." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007) (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). It does not appear that Respondent would suffer such plain legal prejudice if Petitioner's Motion were granted.

Moreover, the timing of Petitioner's postconviction filings would not jeopardize his ability to refile in federal court, if necessary after the conclusion of state postconviction review. For limitations purposes, voluntary dismissal without prejudice of the instant action would have no impact on the calculus of any new habeas filing deadline. *See generally In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) ("The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.") (citing, *e.g.*, *Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962)); *see also Shepherd v. Wellman*, 313 F.3d 963, 971 (6th Cir. 2002) ("This court treats actions that were dismissed without prejudice as though the suit had never been brought."). That new federal filing deadline would be determined by reference to the date when Petitioner's judgment of conviction became final—which was not, as he asserts, on the date when the Tennessee Supreme Court dismissed his appeal (September 28, 2022), but ninety days thereafter, when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired. *Bailey*, 2024

WL 194154, at *2 (citing Sup. Ct. R. 13.1; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). With this later date marking the beginning of the one-year limitations period, 28 U.S.C. § 2244(d)(1)(A), and with the limitations period being tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," *id.* § 2244(d)(2), there is not a substantial concern that Petitioner's counsel will miss the deadline for timely refiling.

Finally, the denial of leave to voluntarily dismiss this case without prejudice would amount to an unforgiving construal of the then-pro se Petitioner's decision to come straight to federal court after he lost on direct appeal, when he still had time to engage the state postconviction process and there raise the ineffective-assistance claim that is the stock-in-trade of that process. *See Sutton v. Carpenter*, 745 F.3d 787, 795 (6th Cir. 2014) (concluding that, in Tennessee, ineffective-assistance claims "are best resolved, with least risk to the defendant, in post-conviction proceedings," not on direct appeal). But pro se habeas filings must be construed in a light that is favorable to their attempts to win federal relief. *Mills v. Larose*, 693 F. App'x 411, 414 (6th Cir. 2017) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)). Moreover, it is "AEDPA's clear purpose to encourage litigants to pursue claims in state court prior to seeking federal collateral review," including the pursuit of postconviction remedies, which it incentivizes by tolling the limitations period during such pursuit "and not during the pendency of applications for federal review." *Duncan v. Walker*, 533 U.S. 167, 180–81 (2001). The Court will not deny leave to dismiss this case without prejudice, when such leave was sought (after counsel appeared for Petitioner) in order to correct an uncounseled, premature filing and to fulfill the purpose of AEDPA's exhaustion requirement, while also averting the possibility of piecemeal litigation in federal court.

In light of the foregoing, Petitioner's Motion for Voluntary Dismissal (Doc. No. 12) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. Because this disposition is not adverse to Petitioner and its correctness is not debatable, no certificate of appealability shall issue under 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing § 2254 Cases.

The Clerk is **DIRECTED** to close this file.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE